# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| JARRELL CRAWFORD, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:16-cv-281  (SRU) |
| | : | |
| TOWN OF DANBURY, *et al.*, | : | |
| Defendants. | : | |
| | : | |

## INITIAL REVIEW ORDER

Plaintiff Jarrell Crawford, currently incarcerated at the Bridgeport Correctional Center in Bridgeport, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983 alleging that the defendants, the Town of Danbury and the Danbury Police Department, acted with gross negligence and malicious misconduct when they ordered him to leave his home and not return. The complaint was received by the Court on February 22, 2016. (doc. 1)  Crawford's motion to proceed *in forma pauperis* was granted on March 7, 2016. (doc. 9)

Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id.*  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief

that is plausible on its face." *Twombly*, 550 U.S. at 570.  Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.    <u>Allegations</u>

The following allegations are taken from Crawford's complaint. On October 9, 2015, Crawford returned home to find that his keys no longer fit in the locks.  As he walked around the house, he saw that the television was on and heard what he thought was his wife in pain. Crawford attempted to get is wife's attention without success.  Fearing that his wife and infant daughter were in danger, Crawford entered the house through a window.

A man appeared at the door.  Crawford pushed past him seeking his daughter.  The man was not wearing a shirt or shoes.  Crawford's wife had asked her boyfriend, Walter, to change the locks.  Crawford's wife entered the bedroom and brought out their daughter to show Crawford that she was unharmed. Crawford stated that he did not think his daughter was safe around Walter.

Shortly thereafter, Danbury police officers arrived.  Crawford let them into the home. About this time, Walter brandished a box cutter at Crawford.  When the plaintiff questioned the use of a knife against him, Walter dropped the box cutter.  The police questioned all three adults and noted no signs of an altercation and no danger.

Crawford suggested that Walter leave the home but his wife stated that she wanted her boyfriend to stay and Crawford to leave.  The lease and utilities were in Crawford's name.  The

2

police officers told Crawford to leave and not return or he would be arrested.  The plaintiff told the police that he would be homeless if he were required to leave.  The police were not swayed.

The plaintiff was homeless and suffered a mental breakdown.  He has been hospitalized several times and requires psychiatric care.  The incident has caused him to experience post-traumatic stress disorder, anxiety and depression and has exacerbated his bipolar disorder.

II.    Discussion

Crawford names as defendants the Town of Danbury and the Danbury Police Department.  Claims against both municipalities and local government units, such as police departments, are analyzed under the standard for municipal liability.  *Monell v. Department of Social Servs.*, 436 U.S. 658, 690 (1978).  A municipal defendant cannot be held liable merely because it employs a tortfeasor.  *Scalpi v. Town of East Fishkill*, No. 14-CV-2126(KMK), 2016 WL 858955, at *4 (S.D.N.Y. Feb. 29, 2016) (citing *Monell*, 436 U.S. at 691).  To state a claim for municipal liability, Crawford must demonstrate the existence of an official policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right.  *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007); *see also Monell*, 436 U.S. at 694.  An official policy or custom cannot be shown by one instance of unconstitutional conduct by a low-level municipal employee.  *Scalpi*, 2016 WL 858955, at *4.

Crawford has alleged only one incident.  He alleges no facts showing a policy or custom of requiring a person whose name is on the lease to leave a residence rather than someone who is not on the lease, nor has he challenged any other policy or custom in the department.  Thus, he has not alleged any facts to support a claim for municipal liability.  Although it is possible that

3

Crawford could assert a claim for unconstitutional seizure based on the police asking a person with a superior right to remain on the premises to leave under threat of arrest, he has identified no defendant against whom he can assert such a claim. *See White v. City of Markham*, 310 F.3d 989, 996–97 (7th Cir. 2002) (acknowledging claim). Accordingly, any federal claims are dismissed without prejudice. Crawford may move to reopen this case if he can identify the police officers who responded to his home.

The complaint also may be construed to assert state law claims for negligence. Supplemental jurisdiction is a matter of discretion. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 715-16 (1966). If the federal court has dismissed all federal claims, it should decline to exercise supplemental jurisdiction over supplemental state law claims. 28 U.S.C. § 1367(c)(3); *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases). Because the federal claim has been dismissed, the court declines to exercise supplemental jurisdiction over Crawford's state law claim at this time.

III.     Conclusion

Any federal claims are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and the court declines to exercise supplemental jurisdiction over any state law claims. The Clerk shall close the file. Crawford may move to reopen this case and file an amended complaint if he can identify the police officers who responded to his home on October 9, 2015.

SO ORDERED this 21st day of March 2016 at Bridgeport, Connecticut.

 /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

4